IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
Consolidated Cases
2:05cv216
[Consolidating 2:05cv216; 2:05cv217; 2:05cv218]

| | | |
|---|---|---|
| DOROTHY DODD, | ) | |
| Plaintiff, | ) | |
| Vs. | ) | 2:05cv216 |
| AUTOMOBILE INSURANCE COMPANY OF HARTFORD, d/b/a TRAVELERS, | ) | |
| Defendant. | ) | |
| MURIEL DANTZLER, | ) | |
| Plaintiff, | ) | |
| Vs. | ) | 2:05cv217 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| Defendant. | ) | |
| JO TREADWELL, | ) | |
| Plaintiff, | ) | |
| Vs. | ) | 2:05cv218 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| Defendant. | ) | |

**ORDER CONSOLIDATING CASES
FOR FURTHER PRETRIAL PROCEEDINGS**

    **THIS MATTER** is before the court on identical motions to amend and motions for oral arguments filed by plaintiffs in the above three cases. Throughout pretrial proceedings

in these matters, the court has noted not only a commonality of underlying issues, but almost identical motions. Further, all three plaintiffs are now contending, as discovery discloses, that they have newly discovered claims they wish to assert, which concern purported unfair and deceptive trade practices that arose from the handling of their claims in 2004. While the court has resisted consolidating these cases to this point, it would appear that further duplication of effort by the court can be avoided through consolidation of these matters for pretrial purposes. Inasmuch as some parties have consented under 28, United States Code, Section 636(c), and some have not, the undersigned upon consolidation will treat all of these matters as non-consent cases.[1] Further, the undersigned will leave it to the district court to determine whether to consolidate these matters for trial.

Now pending are plaintiffs' Motion to Amend, in which each plaintiff seeks to assert two new claims in addition to their earlier claims of breach of a contract of insurance. Specifically, plaintiffs seek leave to amend their Complaints to add a claim of tortious breach of contract and a claim for unfair and deceptive trade practices, all based on what plaintiffs describe as improper handling of their original claims for benefits. These issues have been fully briefed in the Dodd action; however, defendants in the Treadwell and Dantzler actions have failed to respond within the time allowed, see L.R. 7.1(B), and the court assumes they are unopposed.[2]

---

[1] Consent does not automatically confer jurisdiction under Section 636(c). Even where parties consent, it is left to the discretion of the district court whether or not to assign any particular case to a magistrate judge. In this case, it would appear that referral would require duplication of effort inasmuch as two judges and juries (if tried) would have to pass on what appear to be identical issues. Not only would such method waste slim resources, it could result in conflicting decisions, which tend to undermine faith in the judicial process. Counsel in the Dodd case are, however, free at any time to consider consent. L.R. 73.1.

[2] If such defendants wish to oppose such motions at this point, a motion under Rule 6(b), Federal Rules of Civil Procedure, would be required.

In each case, however, plaintiff has asked to be heard, and such request will be allowed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the above captioned cases are **CONSOLIDATED** for the limited purpose of further pretrial proceedings and shall proceed under the docket number for the first filed case, 2:05cv216.

**IT IS FURTHER ORDERED** that plaintiffs' motions for hearing are **ALLOWED,** and plaintiffs' motions to amend are set for oral arguments on Friday, July 21, 2006, at 2 p.m.

The Clerk of this court is respectfully instructed to note such consolidation and reassign each case to Honorable Lacy H. Thornburg, with referral to the undersigned.

Signed: June 30, 2006

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge